IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 5, 2015

# EARL DAVID CRAWFORD v. JAMES HOLLOWAY, WARDEN

Appeal from the Circuit Court for Lauderdale County
No. 6799        Joseph H. Walker, III, Judge

No. W2014-02500-CCA-R3-HC   -   Filed June 26, 2015

In 1986, the Petitioner, Earl David Crawford, was convicted of aggravated rape, aggravated kidnapping, and armed robbery, and he received two life sentences plus thirty-five years. In 1987, this Court affirmed the trial court's judgments on direct appeal. *State v. Earl David Crawford*, CCA No. 258, 1987 WL 19611, at *1-2 (Tenn. Crim. App., at Knoxville, Nov. 10, 1987), *perm. app. denied* (Tenn. March 14, 1988). In 2014, the Petitioner filed a petition, his second, for a writ of habeas corpus, in which he alleged that his judgments of conviction were void because the trial court erred when it considered his "status as a parolee" to enhance his sentence. The habeas corpus court summarily dismissed the Petitioner's petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Earl David Crawford, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

OPINION
I. Facts and Procedural History

This case arises from the Petitioner's convictions for aggravated rape, aggravated kidnapping, and armed robbery. The facts presented at trial were summarized on direct appeal as follows:

[O]n April 16, 1986, at 11:15 p.m. the female victim of these crimes was accosted at gun point and driven away in her car from the location where she worked. She was taken to a remote location and raped by the man who kidnapped her. The woman was then forced into the trunk of her car and returned to the place where she had been abducted.

The victim in this case identified the [Petitioner] as the perpetrator of these crimes.

The woman was rescued from the trunk about three hours after being locked therein. Subsequently, she discovered her purse and some cassette tapes had been taken from the interior of the car.

Approximately two hours after this crime, the [Petitioner] was arrested in Marion County. He was in possession of a stolen vehicle which contained the victim's purse and the cassette tapes.

*Crawford*, 1987 WL 19611, at *1. The Petitioner was sentenced to life imprisonment for each of the aggravated rape and aggravated kidnapping convictions and to thirty-five years on the armed robbery conviction. *Id.* On appeal, this Court affirmed the trial court's judgments. *Id.* at *2.

In 2004, the Petitioner filed a petition for a writ of habeas corpus, in which he alleged that his convictions and sentences were void because the 1982 Criminal Sentencing Reform Act was unconstitutional and thus the trial court had no authority to sentence him. *Crawford*, 2005 WL 354106, at *1. The habeas corpus court dismissed his petition. *Id.* This Court affirmed the judgment on appeal, concluding that the Petitioner had not demonstrated a "facially invalid judgment [or] an expired sentence." *Id.* at *2.

In 2014, the Petitioner filed a second petition for a writ of habeas corpus. He alleged that the trial court had improperly considered his status as a "parolee" when it sentenced him as a especially aggravated offender and enhanced his sentence on that basis. He contended that *State v. Davis*, 757 S.W.2d 11 (Tenn. Crim. App. 1987), filed four months after his

convictions, supported his position. The habeas corpus court summarily dismissed his petition, finding that "the Petitioner's sentence has not expired, the sentence was lawful, and [that] the [trial court] had jurisdiction." It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. He contends that the trial court's imposition of his sentence was in direct contravention of Tennessee Code Annotated section 40-35-111 because the statute does not authorize the application of the aggravating circumstance, that he was on parole at the time of his offenses, to enhance his sentence and classify him as an aggravated offender. The State responds that the Petitioner did not provide any proof from the sentencing hearing of what the trial court considered when it determined that the Petitioner was an aggravated offender. As such, the State contends that the Petitioner has not met his "burden of providing an adequate record for summary review of his habeas petition."

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which

is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

After a review of the record before us, we conclude that the trial court did not err when it summarily dismissed the Petitioner's petition. We have reviewed the transcript of the sentencing hearing, filed to supplement the record. Based on our review, we are unable to ascertain any illegality in the sentencing procedure of the trial court. Nonetheless, a challenge to a trial court's application of an enhancement factor is not a proper subject for habeas corpus relief.[1] This Court has previously addressed this issue concluding that the misapplication of enhancement factors in imposing a sentence would at most render the sentence voidable and not void. *See David Cross v. James Duke, Warden*, No. W2000-02197-CCA-R3-CO, 2001 WL 128581, at *1 (Tenn. Crim. App., at Jackson, Feb. 9, 2001). Habeas corpus corpus relief must be based upon a valid claim that the judgment is void or that the sentence has expired. The Petitioner has not demonstrated either in this case and is not entitled to relief.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]The Petitioner's sentence was imposed prior to the 1989 Sentencing Reform Act, at which time a defendant's parole status was considered to be an "aggravating circumstance." Tennessee Code Annotated section 40-35-114 now classifies the same as an enhancement factor, and it would likely be considered as factor 13(B), that the defendant was released on parole at the time the current offenses were committed.